UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER HEINTZ; ANDRE PACINI,

    Plaintiffs,

  v.

CINDY RAYNOR; JIMMY and GLENDA THOMSON,

    Defendants.

Case No. C05-5432FDB

ORDER GRANTING THOMSON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Plaintiffs' complaint alleges that have an agreement to purchase real property owned by Defendants Jimmy and Glenda Thomson. The Thomsons now move for summary judgment contending that there is no sales contract, that it expired by its own terms if not accepted, and was in any event timely rejected.

    The contract upon which Plaintiffs base their Complaint is a document entitled "Offer to Purchase Real Estate," which states that it would remain open until 12:00 p.m. June 28, 2005 and "if not accepted by said time this offer shall be deemed rescinded and all deposits shall be refunded." [see p. 6 Plaintiffs' Complaint, which incorporates the Offer.] The Thomson's authorized their attorney to send a letter to Plaintiffs rejecting their offer. [Decl. of Thomsons and Decl of Hutchinson, and attachments thereto.] The letter was sent via fax transmission. [Hutchinson Decl.]

ORDER - 1

The "Offer to Purchase Real Estate" is not a contract of sale. The offer was timely rejected, and, in any event, expired by its own terms on June 28, 2005 at noon. The Thomsons also argue that this "Offer to Purchase Real Estate" does not satisfy the statute of frauds in RCW 64.04.010, which requires that every contract for the purchase and sale of real estate must adequately describe the property that is being sold. The property's street address is not sufficient to meet this requirement. *Martin v. Seigel*, 34 Wn.2d 223 (1949); *Key Design, Inc. v. Moser*, 138 Wn.2d 875 (1999). Without an adequate legal description, a purported agreement to sell real estate is unenforceable and not capable of being specifically performed. *Id., Martin v. Seigel*.

Defendants have failed to respond to the Thomson's motion. Pursuant to Local Civil Rule CR 7, the Court may treat this failure as an admission that the motion has merit.

ACCORDINGLY, IT IS ORDERED:

The Motion of Defendants Jimmy Thomson and Glenda Thomson for Summary Judgment [Dkt. # 4] is GRANTED and Plaintiffs' cause of action against the Thomsons (Count I for Breach of Contract) is DISMISSED with prejudice.

DATED this 29th day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2